The State *v.* Smith.

7L 249
11L 592

THE STATE *v.* MARTHA A. SMITH.

CRIMINAL LAW. *Libel. Indictment.* An indictment which charges the matter of the libel to be a letter which is set out in full in the indictment, with the prefatory statement, " which said libel is in substance as follows, to-wit," is sufficient.

FROM CARROLL.

Appeal in error from the Circuit Court of Carroll county. C. ADEN, J.

ATTORNEY-GENERAL LEA and S. W. HAWKINS for the State.

HAWKINS & McCALL for Smith.

FREEMAN, J., delivered the opinion of the court.

The defendant was convicted in the circuit court on this indictment for libel, the jury assessing the fine at $500. The court, on motion, arrested the judgment, on the ground that the indictment was defective, and the State appealed.

The matter of the libel is a letter, which is set forth in full in the indictment, with the following prefatory statement:

"Which said libel is in substance as follows, to-wit:

· Mr. Haskins—Dear Sir: You will please take charge of my children and hear their recitations yourself if you can, but if you cannot, you will send them home, for they shall not be taught by a person who has as base a character as Mary Philips.

"Signed,          Martha Smith."

The objection taken is based on the opinion of the court in *Brownlow* v. *The State*, 7 Hum., 64, where the libellous matter was set out as follows: "In a certain part of which said libel is contained, among other things, in substance, the following false, scandalous, malicious, libellous matters and things according to the tenor and effect following, that is to say," etc. This indictment was quashed, because the rule was held to be, "that in an indictment for a libel, the libellous matter must be set forth *verbatim*." This was no doubt

correct on the authorities cited, and it is clear the indictment in that case did not purport to comply with the rule, only portions of the publication being set out, and that " in substance."

But in this case, while the words " in substance " are used, yet it clearly and distinctly appears that they do not limit, nor were they intended to limit the statement of the entire libellous matter complained of, to anything less than the entire publication. On the contrary, the entire publication is set out, as we can see, and thus the principle and letter of the rule is complied with in fact, although the draftsman inadvertently uses words that may indicate a purpose not to do so, if taken alone. When taken in connection with the whole indictment and the libellous matter as set out, we see he has in fact literally complied with its terms as well as its spirit. This being so, it would be absurd strictness to hold the indictment bad, because the words " in substance," nothing more appearing, might indicate that the matter would not be set out *verbatim,* when we find the fact to be that it has been done.

Reverse the judgment.